[Cite as *LaPorte v. Lutheran Hous. Servs. #9*, 2024-Ohio-2015.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Judith LaPorte, Executrix of the Estate
of Donna Marie Flory, et al.

     Appellees

v.

Lutheran Housing Service #9 et al.,

     Appellants

Court of Appeals No. L-23-1229
                   L-23-1230

Trial Court No.  CI0202204224
                   CI0202202796

**<u>DECISION AND JUDGMENT</u>**

Decided:  May 24, 2024

* * * * *

Brian P. O'Connor and Michael S. Spillane, for appellees.

Joseph F. Petros, III and Christopher G. Kuhn, for appellants.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from two final judgments by the Lucas County Court of Common Pleas, which granted partial summary judgment to plaintiffs-appellees, Judith LaPorte, Executrix of the Estate of Donna Marie Flory, and Bonnie Kauffmann, Executrix of the Estate of Laura Kauffmann; dismissed their claims pled in the alternative; and awarded appellees R.C. 5321.16 damages and attorney fees against defendants-appellants, Lutheran Housing Services #9, Inc. and Lutheran Homes Society,

Inc.[1] For the reasons set forth below, this court reverses and remands the trial court's judgments.

{¶ 2} Appellants set forth one assignment of error: "The trial court erred in granting plaintiffs' motion for summary judgment and denying defendants' motion to strike, as to plaintiffs' claims for relief under R.C. 5321.16." By way of procedural background, appellees' filed their separate motions for partial summary judgment arguing that the life-lease purchase prices they paid to appellants constituted security deposits as defined by R.C. 5321.01(E) and that upon the termination of the life lease, each was entitled to the return of that security deposit with interest and attorney's fees for statutory violations pursuant to R.C. 5321.16. Appellants opposed appellees' motions and moved to strike their nonconforming summary judgment evidence pursuant to Civ.R. 56(C). The trial court granted each appellee's motion for summary judgment, denied appellants' motions to strike as moot, and awarded statutory damages based on finding the life-lease-purchase-price-is-a-security-deposit and awarded attorney fees. Appellants timely appealed.

{¶ 3} The facts of the underlying cases to this consolidated appeal are substantively identical to the facts in *Berning v. Lutheran Hous. Serv. #9*, 2024-Ohio-1173 (6th Dist.). Each of the deceased executed a contract, called a "Life Lease

---

[1] Appellants explain in their briefs that Lutheran Housing Services #9, Inc. is a subsidiary of Lutheran Homes Society, Inc., which operates the independent living community called Creekside Condominiums that is located on the campus of Lutheran Village at Wolf Creek in Lucas County, Ohio.

2.

Agreement," with appellant, Lutheran Housing Services #9, Inc., in which the decedent paid Lutheran Housing Services #9, Inc. a six-figure lump sum for a life lease in a specific residential condominium unit at the Lutheran Village at Wolf Creek Condominiums located in Springfield Township, Lucas County, Ohio.[2] *Id.* at ¶ 2. Decedent Donna Marie Flory's life-lease agreement began in 2007 and terminated in 2022 following her death. Decedent Laura Kauffmann's life-lease agreement began in 2001 and terminated in 2022 when she moved out prior to her death.

{¶ 4} The life-lease agreement language signed by each decedent is identical to each other and to those in *Berning* in that "the sole purpose of the purchase price was to secure each appellees' right to live in one of appellants' rental units. * * * Therefore, the purchase prices were not intended to secure appellees' performance of their obligations under the agreements." *Id.* at ¶ 24. "The basic terms of the agreements were that each appellee paid a certain amount of money for the right to live in the unit for the rest of their lives with no further rent obligations beyond that initial payment." *Id.* at ¶ 2. For the life-lease purchase price to constitute a security deposit, as determined by the trial court, the plain language of the agreements must reveal the parties' intent "for the payment to secure the performance of the tenant's obligations under the agreement." *Id.* at ¶ 22. The life-lease agreements do not. "The agreements unambiguously reveal the parties' intent

---

[2] Although each appellee's complaint alleged that appellant, Lutheran Homes Society, Inc., also owns, operates, and manages Lutheran Village, each life lease agreement was only signed by Lutheran Housing Services #9, Inc., as "Landlord."

3.

that the purchase prices secured nothing more than appellees' right to reside in the individual units." *Id.* at ¶ 27.

{¶ 5} The life-lease agreements also specify three-figure monthly service fees, payable to the Lutheran Village Condominium Owners' Association, "in exchange for appellants providing certain services at the complex and to cover any payment of any real estate taxes apportioned to their individual units." *Id.* at ¶ 2. These monthly service fees do not constitute a tenant obligation under R.C. 5321.05(A) to be protected by the life-lease-purchase-price-as-security-deposit because "[a]ppellees did not identify any term of their agreements that showed the parties intended the purchase price to secure their performance under the agreements." *Id.* at ¶ 26-27. Rather, attached to each life-lease agreement is an exhibit that lists the "items included in the maintenance fee" as being common expenses, such as snow removal, lawn care, and real estate taxes, where none are the tenant's obligation to perform.

{¶ 6} We reviewed the record and find the trial court erred when it granted each appellee summary judgment on the determination that their life-lease purchase prices were security deposits subject to refund under R.C. 5321.16. *Id.* at ¶ 28.

{¶ 7} Appellants' assignment of error is well-taken.

4.

**{¶ 8}** On the authority of *Berning v. Lutheran Hous. Serv. #9*, 2024-Ohio-1173 (6th Dist.), the judgments of the Lucas County Court of Common Pleas are reversed and this matter is remanded to the trial court for further proceedings. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.